SEPTEMBER TERM, 1881.                    291

Vinton & Davis *vs.* Lindsey, executor—Tift *vs.* Harrell—Clark *vs.* The State.

## VINTON & DAVIS *vs.* LINDSEY, executor.

1. Arbitrators are not limited to an adjournment from day to day, but may adjourn for a longer time if the ends of justice require it. The matter of continuances and adjournments is within the sound discretion of the arbitrators, and the record in this case fails to show any abuse of that discretion to the injury of the excepting party.
2. No reasonable ground of exception appearing in this case, damages are awarded against the plaintiffs in error.

SPEER, Justice.

---

## TIFT *vs.* HARRELL.

The title to land being in controversy and the evidence concerning it conflicting, one of the claimants filed his bill to enjoin the other from using the pine trees on the land for the manufacture of turpentine. It appeared that this use, while injurious to the timber, did not destroy the *corpus* of the estate. The evidence on the question of solvency was conflicting. The chancellor granted the injunction, but provided that it should be dissolved upon defendant's giving bond to answer any verdict for damages which complainant might recover against him :
*Held,* that there was no error in granting such conditional dissolution.

JACKSON, Chief Justice.

---

## CLARK *vs.* THE STATE OF GEORGIA.

1. The evidence in this case was amply sufficient to warrant the verdict.
2. The charge of the court covered the substantial issues in the case, and in the absence of any request to charge, the defendant cannot complain that his theory of the case was not fully given.

JACKSON, Chief Justice.

SPEER, Justice, dissenting.